```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ X
                                     :
 UNITED STATES OF AMERICA            :    09Cr1016-04
                                     :        (DLC)
           -v-                       :
                                     :    MEMORANDUM
 FELIX SANTIAGO III,                 :    OPINION AND
                                     :       ORDER
                     Defendant.      :
                                     :
------------------------------------ X
```

APPEARANCES

For the Government:

Catherine Elaine Ghosh
Zachary Feingold
Benet Jeanne Kearney
Kaylan Elizabeth Lasky
Mitzi Steiner
Noah Falk
One St. Andrew's Plaza
New York, NY 10007

For the Defendant:

Arthur Paul Condon
Law Office of Paul Condon
33-41 Newark Street, Suite 4a
Hoboken, NJ 07030

DENISE COTE, District Judge:

    On October 29, 2020, defendant Felix Santiago was sentenced to serve thirteen months' imprisonment on violations of the terms of his supervised release and ordered to surrender no later than December 4 to serve that sentence. On November 9, he filed a notice of appeal and moved for a stay of his surrender

date of December 4.  For the following reasons, the motion to stay surrender is denied.

## Background

On April 12, 2019, an arrest warrant was issued for Santiago's violation of the terms of his supervised release. The violation charged him with violations of federal narcotics laws.  Santiago's term of supervised release ended on December 10.

On January 9, 2020, amended violations, containing a total of six specifications, were filed against him.  This filing occurred shortly after a New Jersey federal indictment charging Santiago with drug offenses was dismissed.

On September 30, the Court found Santiago guilty on specifications 2 through 5 of the violation.  On October 29, Santiago was sentenced on each of specifications 2 through 5 to concurrent terms of thirteen months' imprisonment with no further period of supervision to follow.  Specifications 1 and 6 were dismissed.  The sentence on each violation was within the United States Sentencing Guidelines range.  Santiago was ordered to surrender to the designated facility no later than December 4.  Santiago was advised of his right to appeal.

On November 9, Santiago filed a notice of appeal and moved for a stay of his surrender date.  His motion for a stay of surrender contained no accompanying memorandum of law and made

2

no legal arguments.  Rather, it simply asked that the sentence be stayed "until such time as the appeal is decided."

## Discussion

The presumption under 18 U.S.C. § 3143(b)(1) that a defendant who has received a sentence of imprisonment will be detained pending appeal may be overcome if the court finds:

> [T]hat the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in-- (i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

Id.

Santiago has made no showing to support any of these grounds for a delay of surrender.  His request for a stay does not raise a substantial question of law or fact or negate a finding that it is made for the purpose of delay.  At the hearing on the supervised release specifications of violation, he conceded that he had violated specification 2.  That admission was unsurprising given the wealth of evidence that he had traveled to Puerto Rico without permission from his Probation Officer on multiple occasions during his term of supervised release.  On multiple occasions during 2020, including at his sentence, his attorneys admitted that this violation was directly linked to timely-filed specification 1.

For these same reasons, Santiago has not shown that any appeal has any likelihood of resulting in a remand for a new trial.  The evidence of violations of specifications 3 through 5 was also overwhelming.  Santiago never told his probation officer that he had a cell phone or of his actual residence, making supervision all but impossible.  While Santiago argued that, as a legal matter, these violations were not sufficiently linked to the timely-filed specification 1, that argument was rejected by this Court.  In any event, since the sentences imposed for those violations are to be served concurrently with the sentence imposed on the violation of specification 2, that argument has no impact on the length of Santiago's term of imprisonment.  Accordingly, the Court finds no substantial question of law or fact that would support a stay of the defendant's sentence.

## **Conclusion**

Felix Santiago's November 9, 2020 motion for a stay of surrender is denied.

Dated:   New York, New York
         November 16, 2020

```
                         _____
                              DENISE COTE
                         United States District Judge
```

5